THE STATE OF MONTANA, et al., Plaintiff, v. LEO J. KOTTAS, et al., Defendants.

No. 11844
Decided April 3, 1970.
472 P.2d 1006.
See Memo Section

PER CURIAM:

On March 31, this Court heard oral argument by counsel and have been advised in the matter of the motion to dismiss.

This matter arose in a condemnation case brought by the State to acquire certain lands in Jefferson County for Interstate Highway 15. The land to be acquired was over unpatented placer mining claims. On June 12, 1967, an agreement was entered into between the claim holders and the State which essentially gave the State the possession of the property with just compensation to be determined thereafter. Complaint was filed in April 1968; answer was made demanding a sum as just compensation in excess of $1,000,000, later amended to $90,000,-000.

During the course of construction of the highway, in a cut, what was thought to be a copper ore vein was exposed. The placer claim holders secured an order to permit them to explore the ore body. They dug a hole in the unfinished median strip 8x10x15 feet. Samples were taken. The claim holders then sought permission to drill, which was refused. The highway was completed and opened to traffic.

In the meantime, in July 1968, after the alleged discovery of an ore body, the placer claim holders located and filed certain quartz mining lode claims over portions of the right-of-way previously conveyed to the State. These new lode claims had the significantly candid names of "Easy Money". In January 1970, the claim holders sought permission of the district court to drill on the right-of-way. On January 23, 1970, the court gave a limited permission to drill for discovery purposes, the permission being restricted to parts of the right-of-

way away from the traffic lanes and required a bond to be posted.

The order for discovery of January 23, 1970, was based upon findings of fact and conclusions of law. Conclusion of law No. 1 was as follows:

"That defendants are the owners of the Golden Eagle Placer Mining Claim located in 1958 and that no known lode existed within said claim at said time and was not known to exist until on or about July, 1968, and after agreement of June 12, 1967, when construction of the highway disclosed the existence of a vein and lode, and thereafter defendants filed a lode claim thereon; that defendants are the owners of all minerals within the Golden Eagle Placer Mining Claim; that plaintiffs are bound to pay defendants the true value of so much of the Golden Eagle Placer Mining Claims as plaintiffs are taking for the highway."

After exceptions were taken and denied, the State appealed from the order for discovery. Its primary contention being directed at the conclusion of law that "defendants are the owners of all minerals within the Golden Eagle Placer Mining Claim * * *". The State feels that unless appeal was taken at this stage that later in trial proceedings it would be foreclosed from contending that an unpatented placer claim holder does not have ownership in lode or quartz ores. Also the States feels that this might foreclose its right to attack materiality and relevancy of any mineralization evidence.

The motion to dismiss the appeal is on grounds that such a discovery order is not an appealable order. We note, without development, that the discovery order was based upon the agreement of the parties that:

"That on or about June 12, 1967, plaintiffs and defendants entered into an agreement whereby, among other things: (1) plaintiffs were given the right to build Interstate Highway 15 over the placer claims of defendants; (2) defendants reserved the right to the use and possession for prospecting and

mining of minerals of any portion of the premises not immediately and actually possessed by the plaintiffs in the construction of the highway; (3) plaintiffs recognized the ownership of said claims by defendants; (4) any evidence either party acquired was to be available to the other party and might be used for any purpose in determining the values, damages, depreciation, and/or establishing mineralization under the mining laws."

Clearly, here, we feel that the order attempted to grant the right to preserve or secure evidence for the purpose of trial in conformity with the agreement, and that only. In passing we may wonder why any 600 foot depth for drilling would have any materiality to the value of the land taken, since only the surface right and the right to surface support are involved in any event. We also note with some incredulity the figures bandied about in the defendants' answer in terms approaching ninety millions of dollars. However, we find that such a conclusion of law quoted above and being for the limited pretrial discovery proceeding would not be binding on the trial judge in any subsequent stage of the proceedings.

Accordingly, since the discovery order was based upon the agreement of the parties, the motion to dismiss is well taken and our order of March 23, 1970, dismissing the appeal, shall stand.